UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No:   6:14-cv-1539-Orl-37TBS

WALNER G. GACHETTE,

    Defendant.

## ORDER

This matter comes before the Court on the United States' Ex Parte Motion to Commence Limited Early Discovery. (Doc. 3). In the motion, the United States asks the Court's permission to serve a subpoena on the Orlando Police Department ("OPD") commanding the production of documents OPD seized when executing one or more search warrants in carrying out its own investigation of Defendant. (Id. at 2).

Rule 26(d)(1) of the Federal Rules of Civil Procedure prohibits parties from seeking discovery prior to an initial Rule 26(f) conference "except in a proceeding exempted form initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." A court will order expedited discovery pursuant to Rule 26(d)(1) only upon a showing of "good cause." Dorrah v. United States, 282 F.R.D. 442, 445 (N.D. Iowa 2012); Digital Sin, Inc. v. Does 1-176, 270 F.R.D. 239, 241 (S.D.N.Y. 2012); TracFone Wireless, Inc. v. Holden Property Services, LLC, 299 F.R.D. 692, 694 (S.D. Fla. 2004).[1] Good cause may exist where, for example, discovery is necessary to resolve a

---

[1] Some courts require a party seeking expedited discovery to meet a more demanding test akin to that for obtaining a preliminary injunction. See, e.g. Litwin v. OceanFreight, Inc., 865 F. Supp. 2d 385 (S.D.N.Y. 2011); Edgenet, Inc. v. Home Depot U.S.A., Inc., 259 F.R.D. 385 (E.D. Wis. 2009). However, these courts appear to be in the minority. See Dorrah, 282 F.R.D. at 445. Moreover, applying the

threshold issue such as jurisdiction, see, e.g., Sky Angel U.S., LLC v. National Cable Satellite Corp., 296 F.R.D. 1, 2 (D.D.C. 2013), to identify a John Doe defendant so that the plaintiff may serve process and the case can proceed, see, e.g., Digital Sin, 279 F.R.D. at 242, or to preserve evidence that may be destroyed before it can be obtained by ordinary discovery, see, e.g., Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

Here, the government maintains that OPD has custody of evidence including "customer files, tax returns, financial documents, training materials, and scripts" which are "relevant and vital" to the government's case. (Doc. 3 at 3). While OPD has allowed the government to view the evidence on site, it has not allowed the government to remove the evidence. (Id. at 3). The government states that OPD has finished or will soon finish processing the evidence it seized, and that once OPD has processed the evidence, "it may transfer possession of some or all of the evidence to the Defendant or unknown third parties, or destroy some or all of the evidence pursuant to protocol." (Id. at 2-3).

The Court finds that the government has shown good cause for the requested early discovery. Much of the evidence in OPD's custody is related to Defendant's tax preparation business, which is the subject of this lawsuit. If the government is not able to obtain this evidence from OPD, it may be destroyed, either by OPD, Defendant or unknown third parties to whom OPD may return the evidence.

The Court will not, however, allow the government to take this discovery *ex parte*. Rule 45(a)(4) requires that a subpoena must be served on each party before it is served

---

stringent preliminary injunction standard to expedited discovery requests seems inappropriate in light of the "obvious" fact "that permission to commence discovery is a much less aggressive order than a preliminary injunction." 8A Wright & Miller, Federal Practice & Procedure § 2046.1 (3d ed.). Accordingly, this Court will apply the "good cause" standard in evaluating the Government's request to take early discovery.

on the person to whom it is directed.  See also FED. R. CIV. P. 5(a) (requiring that discovery papers be served on every party who is not "in default for failing to appear," unless the court orders otherwise).  The government may serve the subpoena on Defendant in a manner acceptable under Rule 5(b)(2).  The Court will allow the government to accept documents responsive to the subpoena from OPD, but the government is restricted from using the documents until Defendant has had an opportunity to respond.  This will ensure that the evidence in OPD's custody is preserved, while affording Defendant the opportunity to be heard regarding the propriety of the government's subpoena.

Therefore, it is hereby **ORDERED**:

1.  The United States' Ex Parte Motion to Commence Limited Early Discovery (Doc. 3) is **GRANTED**.

2.  The United States may serve a subpoena on the Orlando Police Department requesting production of documents that OPD seized in its investigation of Defendant. The United States shall serve the subpoena and a copy of this order on Defendant prior to serving it on OPD.

3.  The United States may accept documents responsive to the subpoena from OPD, but it shall not examine or use the documents until the earlier of:

   a.  Written agreement between the parties that the documents are discoverable;

   b.  In the absence of objection by Defendant, 14 days after service of a copy of the subpoena on Defendant; or

   c.  By order of the Court.

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties