UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No:   6:14-cv-1539-Orl-22TBS

WALNER G. GACHETTE, individually
and d/b/a LBS TAX SERVICES, LOAN
BUY SELL, INC., GACHETTE, LLC, WG
GROUP, LLC, ZGT GROUP, LLC, JGT
GROUP, LLC and INTERNATIONAL
HIRING, LLC,

    Defendants.

## ORDER

This matter is before the Court on the United States' Motion for Leave to Take More than 10 Fact Depositions (Doc. 28). Defendant Walner G. Gachette opposes the motion (Doc. 32).

Plaintiff alleges that Gachette and others acting in concert with him and at his direction are behind multiple limited liability companies that operated as tax preparation businesses (Doc. 1). Over a multi-year period, Gachette and others allegedly promoted and encouraged the employees of those tax preparation businesses to prepare tens of thousands of false and fraudulent federal income tax returns which resulted in payment by Plaintiff of millions of dollars in bogus tax refunds to customers of the tax preparation businesses (Id.). This alleged scheme involved at least 56 tax preparation stores operating throughout the Southeastern United States (Doc. 28). The Internal Revenue Service has interviewed 94 customers who had their tax returns prepared at Gachette-owned tax return preparation stores in the Orlando metropolitan area to determine the tax

loss for tax year 2012 (Id.).   Now, Plaintiff seeks leave of Court to take up to 100 fact depositions to provide the Court with testimony from witnesses whose returns were prepared in several different geographic areas, over several different years, and which involved different types of fraud (Id.).   Plaintiff also seeks to depose Defendants' employees and other persons associated with the tax preparation businesses who may not be located in this district, and who may be hostile witnesses (Id.).   In at least four related cases 6:14-cv-1534-Orl-22TBS, 6:14-cv-1536-Orl-22TBS, 6:14-cv-1537-Orl-22TBS, and 6:14-cv-1538-Orl-22TBS, Plaintiff made like motions that were granted without objection.

When a party seeks leave of court to take more than the ten depositions allowed by Fed.R.Civ.P. 30(a)(2)(A), the Court considers the principles set out in Rule 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

Gachette opposes Plaintiff's motion on the ground that it has not exhausted the 10 depositions allowed it by Fed.R.Civ.P. 30.   Ordinarily, before a motion to take more than ten depositions will be granted the movant must justify the necessity of the depositions already taken in the case.   See F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A.,

Case No. 2:13-cv-208-FtM-38CM, 2014 WL 1047245 at *2 (M.D.Fla. Mar. 17, 2014); <u>AIG Centennial Ins. Co. v. O'Neill</u>, Case No. 09-60551, 2011 WL 4116555 at *16 (S.D.Fla. Oct. 18, 2010) ("Courts have construed Rule 30(a)(2)(A), FED.R.CIV.P., to require a party seeking leave of court to exceed the ten-deposition limitation to justify the necessity of each deposition previously taken without leave of court."); <u>Royal v. Bahamian Ass'n, Inc. v. QBE Ins. Corp.</u>, Case No. 10-21511-CIV, 2010 WL 3003914 at *2 (S.D.Fla., July 29, 2010) ("[A] party seeking a court's leave to take more than ten depositions under Rule 30 'must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).'") (quoting <u>Barrow v. Greenville Indep. Sch. Dist.</u>, 202 F.R.D. 480, 482 (N.D.Tex. 2001)).

Although Plaintiff has not taken any depositions and therefore, its motion would ordinarily be premature, this is not an ordinary case.  Plaintiff is alleging illegal activity occurring throughout the Southeastern United States over a multi-year period.  The alleged tax fraud involves the use of multiple different false deductions and bogus credits to generate and file tens of thousands of untruthful income tax returns, resulting in millions of dollars in losses.  Given the scope of the allegations, including the number of people involved, the Court has no difficulty in concluding that Plaintiff will require more than 10 depositions.

Gachette also argues that Plaintiff has already identified 94 potential witnesses in the Orlando area, and that if allowed, the depositions will be unreasonably duplicative and cumulative.  Plaintiff counters that the testimony of many witnesses will be required to prove the widespread and systemic nature of the alleged fraud.  The Court is not persuaded that this can be accomplished by relying solely on the 94 local customers who have already been interviewed.  It is reasonable to assume Plaintiff will need to depose

many customers and employees located in multiple states and involving different alleged fraudulent techniques, to prepare and present its case.

Next, Gachette argues that Plaintiff can use the depositions to be taken in the related cases in this case, and therefore, the additional discovery Plaintiff seeks is both unnecessary, and will unreasonably subject Gachette to the expense of travelling to multiple states to take additional depositions.   Federal Rule of Civil Procedure 32(a)(1)(A) provides a deposition may be used against a party at trial or in a hearing if "the party was present or represented at the taking of the deposition or had reasonable notice of it."   Unless Gachette agrees that Plaintiff may notice him on the depositions to be taken in the other cases, and that those depositions can be used in this case, the depositions to be taken in the related cases will not be available for use in this case.

Now, after due consideration, the Court finds that the depositions Plaintiff seeks to take will not be "unreasonably cumulative or duplicative," and that they cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive."   FED.R.CIV.P. 26(b)(2)(C)(i).   The Court finds that Plaintiff has not "had ample opportunity to obtain the information by discovery in the action."   FED.R.CIV.P. 26(b)(2)(C)(ii).   And, the Court finds that "the burden or expense of the proposed discovery" does not outweigh "its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."   FED.R.CIV.P. 26(b)(2)(C)(iii).   Accordingly, Plaintiff's motion is **GRANTED** and it is authorized to take up to 100 fact depositions in this case.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Orlando, Florida on February 9, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record